CENTER FOR DISABILITY ACCESS
Raymond Ballister Jr., Esq., SBN 111282
Phyl Grace, Esq., SBN 171771
Russell Handy, Esq., SBN 195058
Dennis Price, Esq., SBN 279082
Mail: PO Box 262490
San Diego, CA 92196-2490
Delivery: 9845 Erma Road, Suite 300
San Diego, CA 92131
(858) 375-7385; (888) 422-5191 fax
phylg@potterhandy.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Walter Ford**, | **Case No**. |
| Plaintiff, | |
| v. | **Complaint For Damages And Injunctive Relief For Violations Of:** American's With Disabilities Act; Unruh Civil Rights Act |
| **Joanna K. Brewster**, in individual and representative capacity as trustee of the "A" Trust under the Brewster Family Trust dated November 19, 1991; and Does 1-10, | |
| Defendants. | |

Plaintiff Walter Ford complains of Joanna K. Brewster, in individual and representative capacity as trustee of the "A" Trust under the Brewster Family Trust dated November 19, 1991; and Does 1-10 ("Defendants"), and alleges as follows:

**PARTIES:**

1. Plaintiff is a California resident with physical disabilities. He is an amputee and he is unable to walk. He uses a wheelchair for mobility.

1

2.  Defendants Joanna K. Brewster, in individual and representative capacity as trustee of the "A" Trust under the Brewster Family Trust dated November 19, 1991, owned the real property located at or about 22275 Powhatan Rd., Apple Valley, California, in March 2019.

3.  Defendant Joanna K. Brewster, in individual and representative capacity as trustee of the "A" Trust under the Brewster Family Trust dated November 19, 1991, owns the real property located at or about 22275 Powhatan Rd., Apple Valley, California, currently.

4.  Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that each of the Defendants herein, including Does 1 through 10, inclusive, is responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of the Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISDICTION & VENUE:**

5.  The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1331 and § 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

6.  Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

7.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is

Complaint

founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

8.   Plaintiff went to the property to visit AVT Car Care in March 2019 with the intention to avail himself of its goods or services and to assess the business for compliance with the disability access laws.

9.   AVT Car Care is a facility open to the public, a place of public accommodation, and a business establishment.

10. Parking spaces are one of the facilities, privileges, and advantages offered by Defendants to patrons of AVT Car Care.

11. Unfortunately, on the date of the plaintiff's visit, the defendants did not provide accessible parking in conformance with the ADA Standards.[1]

12. Currently, the defendants do not provide accessible parking in conformance with the ADA Standards.

13. Paths of travel are one of the facilities, privileges, and advantages offered by Defendants to patrons of the AVT Car Care.

14. Unfortunately, on the date of the plaintiff's visit, the defendants did not provide accessible paths of travel in conformance with the ADA Standards.[2]

15. Currently, the defendants do not provide accessible paths of travel in conformance with the ADA Standards.

16. Plaintiff personally encountered these barriers.

17. By failing to provide accessible facilities, the defendants denied the

---

[1] For example, there were slopes in the parking stall and access aisle that exceeded 2.1%. On information and belief there are other issues with the parking that render it non-compliant. Those issues will be fleshed out in discovery and inspections. The plaintiff seeks to have fully compliant parking provided.

[2] For example, there was no safe wheelchair accessible route of travel from the front of the building, near the parking spaces ostensibly reserved for persons with disabilities, to the entrance of AVT Car Care. On information and belief there are other issues with the paths of travel that render them non-compliant. Those issues will be fleshed out in discovery and inspections. The plaintiff seeks to have accessible paths of travel.

3

Complaint

1   plaintiff full and equal access.

2      18. The lack of accessible facilities created difficulty and discomfort for the
3   Plaintiff.

4      19. The defendants have failed to maintain in working and useable
5   conditions those features required to provide ready access to persons with
6   disabilities.

7      20. The barriers identified above are easily removed without much
8   difficulty or expense. They are the types of barriers identified by the
9   Department of Justice as presumably readily achievable to remove and, in fact,
10   these barriers are readily achievable to remove. Moreover, there are numerous
11   alternative accommodations that could be made to provide a greater level of
12   access if complete removal were not achievable.

13      21. Plaintiff will return to AVT Car Care to avail himself of goods or services
14   and to determine compliance with the disability access laws once it is
15   represented to him that AVT Car Care and its facilities are accessible. Plaintiff
16   is currently deterred from doing so because of his knowledge of the existing
17   barriers and his uncertainty about the existence of yet other barriers on the
18   site. If the barriers are not removed, the plaintiff will face unlawful and
19   discriminatory barriers again.

20      22. Given the obvious and blatant nature of the barriers and violations
21   alleged herein, the plaintiff alleges, on information and belief, that there are
22   other violations and barriers on the site that relate to his disability. Plaintiff will
23   amend the complaint, to provide proper notice regarding the scope of this
24   lawsuit, once he conducts a site inspection. However, please be on notice that
25   the plaintiff seeks to have all barriers related to his disability remedied. See
26   *Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a plaintiff
27   encounters one barrier at a site, he can sue to have all barriers that relate to his
28   disability removed regardless of whether he personally encountered them).

4

Complaint

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990** (On behalf of Plaintiff and against all Defendants.) (42 U.S.C. section 12101, et seq.)

23. Plaintiff re-pleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

24. Under the ADA, it is an act of discrimination to fail to ensure that the privileges, advantages, accommodations, facilities, goods and services of any place of public accommodation is offered on a full and equal basis by anyone who owns, leases, or operates a place of public accommodation. See 42 U.S.C. § 12182(a). Discrimination is defined, inter alia, as follows:

    a.  A failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182(b)(2)(A)(ii).

    b.  A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADA Standards.

    c.  A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area, are readily accessible to and usable by individuals with disabilities. 42 U.S.C. § 12183(a)(2).

25. When a business provides parking for its customers, it must provide accessible parking in compliance with the ADA Standards.

26. Here, the lack of accessible parking is a violation of the law.

27. When a business provides paths of travel, it must provide accessible paths of travel in compliance with the ADA Standards.

28. Here, the failure to provide accessible paths of travel is a violation of the ADA.

29. The Safe Harbor provisions of the 2010 Standards are not applicable here because the conditions challenged in this lawsuit do not comply with the 1991 Standards.

30. A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

31. Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

**II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT** (On behalf of Plaintiff and against all Defendants.) (Cal. Civ. Code § 51-53.)

32. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint. The Unruh Civil Rights Act ("Unruh Act") guarantees, inter alia, that persons with disabilities are entitled to full and equal accommodations, advantages, facilities, privileges, or services in all business establishment of every kind whatsoever within the jurisdiction of the State of California. Cal. Civ. Code §51(b).

33. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code, § 51(f).

Complaint

1  34. Defendants' acts and omissions, as herein alleged, have violated the

2  Unruh Act by, inter alia, denying, or aiding, or inciting the denial of, Plaintiff's

3  rights to full and equal use of the accommodations, advantages, facilities,

4  privileges, or services offered.

5  35. Because the violation of the Unruh Civil Rights Act resulted in difficulty,

6  discomfort or embarrassment for the plaintiff, the defendants are also each

7  responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-

8  (c).)

9

10  **PRAYER**:

11  Wherefore, Plaintiff prays that this Court award damages and provide

12  relief as follows:

13  1. For injunctive relief, compelling Defendants to comply with the

14  Americans with Disabilities Act and the Unruh Civil Rights Act. Note: the

15  plaintiff is not invoking section 55 of the California Civil Code and is not

16  seeking injunctive relief under the Disabled Persons Act at all.

17  2. Damages under the Unruh Civil Rights Act, which provides for actual

18  damages and a statutory minimum of $4,000 for each offense.

19  3. Reasonable attorney fees, litigation expenses and costs of suit, pursuant

20  to 42 U.S.C. § 12205; and Cal. Civ. Code §§ 52.

Dated: March 29, 2019          CENTER FOR DISABILITY ACCESS

By: _____

Russell Handy, Esq.
Attorney for plaintiff

7

Complaint